UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANE REPH, ET AL                           CIVIL ACTION

VERSUS                                      NO: 07-7119
                                            Ref. All Cases

GHRON HUBBARD, ET AL                        SECTION: "J" (3)

**ORDER AND REASONS**

Before the Court is defendant Southland Idealease, LLC's **Motion for Partial Summary Judgment (Rec Doc. 108).** This motion, which is opposed, was set for hearing on December 10, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that defendant's motion should be granted in part and denied in part.

**Background Facts**

This case arises out of an automobile accident that occurred on August 17, 2007 in Jefferson Parish, Louisiana. Plaintiffs allege that while traveling on Airline Highway, a truck driven by defendant Ghron Hubbard crossed the center line and struck the plaintiffs' vehicle causing injury to the driver and passenger. The truck in question was owned by defendant Southland Idealease,

LLC ("Southland") and was operated by defendant CP Louisiana, Inc. ("CP"). Ghron Hubbard had rented the truck from Southland for CP on August 15, 2007.

Ghron Hubbard had been a truck driver since 2005 when he attended the Diesel Driving Academy. After completing a four month course he obtained a Class A commercial driver's license ("CDL"). At some point Hubbard gained employment with defendant Dependable Source Corp. ("Dependable"). Dependable sent him to work for CP. At the time of the accident Hubbard had been working for CP for approximately four months. Prior to the accident Hubbard reported to his superior at CP, Buddy Glover, that the truck he was using needed some work. Hubbard was told to go to Southland and lease a truck. Hubbard leased the Southland truck on August 15, 2007. At that time he signed a Rental Agreement and the Southland employee verified that Hubbard had a valid CDL for the type of truck he was leasing and was not visibly impaired. Prior to leaving Southland, Hubbard inspected the truck and found nothing wrong or unsafe about the truck. Prior to the accident Hubbard drove the truck for two days without incident.

## The Parties' Arguments

Southland has filed this motion for partial summary judgment arguing that they have no liability to the plaintiffs. First, Southland asserts that there is no evidence to support the

argument that they did not properly maintain the vehicle or that there was a defect in the vehicle. Ghron Hubbard testified at his deposition that he inspected the vehicle prior to renting the truck and found nothing wrong. Additionally, Hubbard drove the vehicle for several days before the accident with no incident. Second, Southland contends that they cannot be held liable for negligently renting the vehicle to an unqualified driver. Hubbard had the proper license to operate the vehicle that was rented. A Southland employee verified Hubbard's license before renting the vehicle and this is the only action that Southland must take under the applicable law to ensure that they are not renting the vehicle negligently. Southland further argues that they cannot be vicariously liable for the accident. They contend that the Graves Amendment to the Federal Transportation Equity Act, 49 U.S.C. § 30106(a), preempts state law and provides that the owner of a vehicle, who is engaged in the business of renting motor vehicles, and rents the vehicle to another person can only be held liable if there is negligence or criminal wrongdoing on the part of the owner. Since the plaintiff has not alleged that Southland was involved in any criminal wrongdoing and there is no proof that Southland was in any way negligent, Southland contends that they cannot be liable under this theory. Lastly, Southland argues that if the Court does not grant their motion for partial summary judgment then CP must indemnify them and obtain insurance

coverage.  No actions of Southland could have been the sole cause of the accident and thus the indemnity provision of the contract between Southland and CP is activated.

The plaintiffs have filed an opposition arguing that Southland is liable for the accident based on a theory of negligent entrustment.  The plaintiffs contend that the lessor of a vehicle may be held liable for damages caused by the lessee when the lessor was negligent in deciding to lease to the particular lessee.  The plaintiffs argue that Southland's own internal policies, as reflected in their Rental Agreement form, created a standard of care that Southland failed to meet in leasing the vehicle to Hubbard.  The form includes questions about years of experience operating the particular type of vehicle.  The specifc form for Hubbard leaves these sections blank and the plaintiffs argue that Southland did no investigation into Hubbard's experience or driving qualifications.  Instead, plaintiffs assert that the testimony of Southland's corporate representative reflects that Southland's policy is to only verify that the renter has a valid commercial driver's license and that he is not impaired.  Plaintiff argues that this is not adequate. Additionally, the plaintiff argues that Southland's requirements for allowing its own employees to operate the type of vehicle leased by Hubbard are far stricter

4

and that Southland should have met this standard in deciding whether to lease to Hubbard.

CP also filed an opposition, but only with regards to Southland's request for indemnity. CP argues that Southland has not presented any new arguments or evidence that are relevant to the re-urged motion for indemnity and thus the motion should be denied again.[1]

Southland has provided a reply memorandum to both the plaintiffs' arguments and those of CP. In response to the plaintiffs, Southland asserts that the plaintiffs only oppose their motion based on a theory of negligent entrustment. As a result, the plaintiffs would have to prove that Southland knew or should have known that Hubbard was incompetent to drive the vehicle or had an apparent disability that would prevent him from properly operating the vehicle. Southland contends that this wrongly assumes that Hubbard was incompetent and defies the facts that show that Hubbard had driving experience and a valid license. Southland argues that by verifying Hubbard's commercial driver's license and determining that he was not impaired they satisfied their legal duty. Further, Southland argues that the

---

[1] Southland earlier filed a motion for partial summary judgment on the issue of indemnity. Rec. D. 47. The Court denied that motion without prejudice finding that at the time not enough information was known regarding the key factual issue of whether any "negligent actions would be ascribed solely to Southland." Rec. D. 59.

blank spaces on the Rental Agreement form are not material because there is no legal burden on Southland to determine whether Hubbard had enough experience to rent the vehicle, and, in any event, Hubbard did have experience.  Lastly, Southland contends that its internal policies for its own drivers are not relevant to a determination of Southland's legal duties when leasing to Hubbard.

In brief reply to CP's opposition, Southland reiterates its argument that since the issue of indemnity was first argued in an earlier motion for summary judgment, further discovery has revealed that Southland's actions could not have been the sole cause of the accident.

## Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 588 (1986).

Southland seeks summary judgment on all of the plaintiffs' claims.  In support of this motion it argues that there is no

6

evidence that it was in any way directly liable and that it cannot be held vicariously liable for the accident. The plaintiffs have responded with an opposition that solely focuses on a negligent entrustment theory of liability.

First, Southland argues that there is no evidence that it can be held liable for improperly maintaining the vehicle or for a defect in the vehicle. The plaintiffs did not provide any opposition to this argument and Southland has carried their summary judgment burden on this theory of liability. Based on Hubbard's deposition testimony Southland has established a lack of any genuine issue of material fact as to this theory of liability. Hubbard testified that he inspected the subject truck and found no problems. Ex. 1, Rec. D. 108. After renting the truck, he drove it for two days without any incident. Id. Hubbard testified that there were no problems with the vehicle prior to the accident. Id. Additionally, Southland inspected the truck shortly before it was rented to Hubbard. Ex. 5, Rec. D. 108. The plaintiffs have not disputed this testimony or made any attempt to argue that there is a genuine issue of material fact regarding this theory of liability.

The plaintiffs, in opposition to Southland's motion, press the argument that Southland should be liable for the accident because they negligently entrusted the vehicle by deciding to lease to Hubbard. Southland contends that they cannot be held

liable for Hubbard's negligence and that they did not negligently entrust the vehicle to Hubbard.  Southland maintains that in deciding to lease to Hubbard they did everything required of them by law, including verifying that Hubbard had a valid commercial drivers license.  The plaintiffs contend that Southland did not do enough to ensure Hubbard could properly operate the vehicle because Southland did not determine Hubbard's driving experience, did not meet the standard of care imposed by internal policies as reflected in the Rental Agreement form, and did not meet the higher standard Southland maintains for determining whether its own employees can operate similar vehicles.

It is well settled in Louisiana law that "the lessor of a vehicle is not liable for the negligent acts committed by the lessee." Francis v. Crawford, 732 So.2d 152, 155 (La. App. 2nd Cir. 1999), citing Payne v. Blankenship, 558 So. 2d 1316, 1317 (La. App. 4th Cir. 1990).  There is an exception to this general rule which provides that the lessor may be held liable when he negligently entrusts his vehicle to the lessee.  Id. citing Payne, 558 So. 2d at 1317. Under the negligent entrustment theory, the lessor of a vehicle is not responsible for the negligence of the lessee unless the plaintiff can show that the lessor had actual or constructive knowledge that the lessee was incompetent to operate the vehicle or had a disability that was apparent at the time of lease.  Id. citing Payne, 558 So. 2d at

1317.

The lessor of a vehicle, including a vehicle rental agency, "has a duty to protect users of Louisiana highways from incompetent use of its vehicles. The scope of that duty requires it to use ordinary care to ensure that an incompetent person is not allowed to operate its vehicle." Id. citing McCarroll v. Kinchen, 526 So.2d 484 (La. App. 1st Cir. 1988), writ denied, 532 So. 2d 158 (La. 1988). Louisiana courts have recognized that "a prospective lessee's presentation of a valid license satisfies the lessor's duty of ordinary care and inquiry as to the prospective lessee's ability to operate a motor vehicle." Id. citing Payne, 558 So. 2d at 1317. There is no duty on the lessor to conduct a driving test of a potential lessee. Id. citing Payne, 558 So. 2d at 1317. Similarly, there is no duty on the lessor to verify that the lessee has the requisite liability insurance. Cenance v. Tassin, 869 So.2d 913, 917-18 (La. App. 4th Cir. 2004); Collette v. Ledet, 640 So.2d 757, 759-60 (La. App. 3rd Cir. 1994) Furthermore, Louisiana Revised Statute 32:417(B) provides the duties of a lessor of a vehicle when screening a potential lessee, and only requires that the lessee have a valid driver's license.[2] LA. REV. STAT. ANN. 32:417(B);

---

[2]Louisiana Revised Statute 32:417(B) provides: "It shall be unlawful for any person knowingly to rent for hire a motor vehicle to be operated by any person who does not have a current license or, in the case of a non-resident who has not been licensed to drive a motor vehicle under the laws of his resident

Francis, 732 So. 2d at 155-56; Payne, 558 So. 2d at 1317.

In Payne, the plaintiffs were injured in an accident with a recreational vehicle leased by U-Haul. 558 So. 2d at 1317. Plaintiffs sued U-Haul arguing that the vehicle was negligently entrusted to the lessee because U-Haul did not have a policy requiring their agents to conduct a background investigation of a prospective lessee's driving record and because U-Haul knew or should have known that the lessee was incompetent to operate the vehicle. Id. The trial court granted U-Haul's motion for summary judgment and the circuit court affirmed. Id. The circuit court concluded that U-Haul had met their duty of ordinary care by showing that the leasing agent verified that the lessee had a valid driver's license and did not appear to be impaired before the vehicle was leased. Id. at 1318. The circuit court rejected plaintiffs' argument that the lessor needed to do any investigation into the lessee's driving record, finding that "[n]either the jurisprudence nor statutory law of this state impose such a duty on the lessor." Id.

Under Louisiana law, Southland, as the lessor of the vehicle, may sustain their duty of ordinary care by verifying that a lessee has a valid driver's license and that the lessee does not appear to be impaired at the time of lease. There is no

---

state, if the laws of his resident state so require."

dispute between the parties that at the time of the lease Hubbard had the proper commercial driver's license required to operate the type of vehicle that was leased and that Hubbard was not visibly impaired. Southland's agent testified at his deposition that he checked the driver's license before making the lease, in accordance with Southland's standard procedure. Ex. 2, Rec. D. 108. Southland's corporate representative testified that the company's policy is only to verify the lessee's driver's license and determine if he is impaired prior to making the lease. Ex. D, Rec. D. 111. The plaintiffs' themselves highlight this testimony in their own opposition memorandum. See Rec. D. 111. Despite the plaintiffs' protestations, these policies precisely comport with Louisiana law. The plaintiffs provide no evidence and make no argument that creates a genuine issue of material fact that Southland acted in accordance with their duty of ordinary care under Louisiana law in leasing the vehicle to Hubbard.

Instead, the plaintiffs argue that Southland's internal policies created a heightened standard of care which Southland failed to meet. Specifically, the plaintiffs assert that Southland's leasing agent did not complete the sections on Southland's Rental Agreement form that inquired about a lessee's driving experience. Had the agent asked these questions, plaintiffs maintain that he would have discovered that Hubbard

was not competent to operate the vehicle that was leased.  First, the plaintiffs provide no authority, and this Court can find none, that supports the proposition that a Rental Agreement form creates a standard of care for the lessor that displaces the ordinary legal standard.  Plaintiffs cite Hoyt v. Wood/Chuck Chipper Corp. for the general proposition that a corporation may be found at fault for violating its internal policies.  651 So. 2d 1344, 1350 (La. App. 1st Cir. 1995).  Hoyt dealt with the claims of a tree trimmer who was injured when he accidentally switched on a wood chipper while changing its blades.  Id. at 1348.  The court found a repair company partially at fault for violating its internal policy of not informing the plaintiff that it had repaired the wood chipper in a manner that the company itself considered unsafe.  Id. at 1350.  This situation is in no way analogous to the present case and plaintiffs have provided no other support for their argument that the Rental Agreement form creates a higher standard of care than the well settled requirements of Louisiana law.  Furthermore, there is no evidence that Hubbard was in fact not competent to drive the vehicle that was leased.  The plaintiffs summarily conclude that Hubbard was not competent because he did not have some untold number of years of experience.  However, it is undisputed that Hubbard had a valid commercial driver's license that authorized him to drive the type of vehicle that was leased.  Additionally, Hubbard had

attended a driving school and had driven for CP for approximately four months at the time of the accident. Ex. 1, Rec. D. 108. There is no legal or factual basis for holding Southland liable based on the Hubbard's alleged incompetence and Louisiana courts have conclusively held that the lessor of a vehicle has no duty to investigate the driving record and background of a lessee. See Payne, 558 So. 2d at 1318.

Plaintiffs also argue that Southland should be liable because Southland requires their employees who operate a vehicle similar to that rented to Hubbard to have greater qualifications than they require of a lessee who leases the same type of vehicle. Plaintiffs provide no legal support for this argument. Furthermore this argument is simply not logical. As Southland points out in their reply memorandum, they have a far different legal responsibility when their own employees are operating a vehicle. See Rec. D. 115. There is simply no correlation between the legal duty Southland owes when it leases a vehicle to the legal duty Southland owes when its own employee operates a vehicle. The legal duty owed by Southland when it leases a vehicle is clear. Southland must verify that the lessee has a valid driver's license and that the lessee is not impaired. There is no genuine issue of material fact that Southland met this standard of care when it provided a vehicle to Hubbard.

Lastly, Southland argues that they cannot be vicariously

liable for the accident as a result of the Graves Amendment. The Graves Amendment to the Federal Transportation Equity Act, 49 U.S.C. § 30106(a) provides:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

Under this federal statute, a company, such as Southland, that is engaged in the business of leasing vehicles can only be held vicariously liable if the company was independently negligent or engaged in criminal wrongdoing in connection with the accident. First, there is no allegation that Southland was involved in any criminal wrongdoing. Second, Southland was not independently negligent in regard to the accident. The plaintiffs opposed Southland's Graves Amendment argument on the basis that Southland

14

was independently negligent for negligently entrusting the vehicle to Hubbard. However, as discussed above, plaintiffs argument in this regard is misplaced. There is no dispute that Southland is in the business of leasing vehicles, that they did lease to Hubbard and CP, and that the accident occurred during the period of the lease. As a result, the Graves Amendment operates in this case to shield Southland from any potential vicarious liability.

Since the Court concludes that Southland is entitled to summary judgment on all of plaintiffs' claims against it, there is no need to address Southland's alternative argument for indemnity and defense from CP. Accordingly,

**IT IS ORDERED** that defendant Southland Idealease, LLC's **Motion for Partial Summary Judgment (Rec Doc. 108)** is **GRANTED** in part and **DENIED as moot** in part. The plaintiffs' claims against Southland Idealease, LLC are hereby dismissed with prejudice.

New Orleans, Louisiana, this 10th day of March, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE